IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRET BINDER.,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **WESTSTAR MORTGAGE, INC., et al.** | : | **No. 14-7073** |
| *Defendant*s | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                    FEBRUARY 24, 2015

Plaintiff Bret Binder brings suit against Weststar Mortgage, Inc., Loancare, Inc., and Fannie Mae, alleging various violations of federal and state laws relating to a mortgage on Mr. Binder's home. Mr. Binder initiated his lawsuit in October 2013 by filing a Praecipe for Writ of Summons in the Chester County Court of Common Pleas. He filed his Complaint more than a year later on November 17, 2014. On December 12, 2014, Defendants Fannie Mae and Loancare, Inc., filed a Notice of Removal, removing this action to the United States District Court for the Eastern District of Pennsylvania (Weststar Mortgage, Inc., consented to the removal). Mr. Binder has filed a Motion to Remand this action back to the Chester County Court of Common Pleas, asserting that the defense Notice of Removal was untimely and improper.

Mr. Binder asserts that removal was untimely for two reasons. First, he asserts that removal was untimely because the Notice of Removal was not filed within 30 days of when the parties first could have ascertained that the case was removable. Mr. Binder argues that the case was first ascertainable as removable either on October 30, 2013, when the writ of summons was filed, or on October 17, 2014, when Mr. Binder filed and served an "administrative conference memorandum" on the Defendants. Second, he argues that because the basis of removal is diversity jurisdiction,

removal must have occurred within one year of the commencement of the lawsuit on October 30, 2013.

Because the Court finds that the Notice of Removal was filed within 30 days of the initial pleading in this matter—which the Court, consistent with Third Circuit precedent, interprets to be the Complaint filed on November 17, 2014—and that removal was otherwise proper because the Court has jurisdiction over the claims under federal question jurisdiction, the Court denies the Motion to Remand.

Section 1446(b)(1) of Title 28 of the United States Code requires that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The Third Circuit Court of Appeals has made clear that "the time to remove is triggered by 'receipt of the complaint.'" *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222 (3d Cir. 2005) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)). Mr. Binder notes, correctly, that the *Sikirica* court held that "a writ of summons *alone* can no longer be the 'initial pleading' that triggers the 30-day period for removal." *Id.* at 223 (emphasis added). Mr. Binder argues that here there was not a writ of summons *alone*, but also an administrative conference memorandum setting forth the claims to be detailed in the eventual complaint.

Mr. Binder misinterprets the effect of the language he cites in *Sikirica*. The Third Circuit Court of Appeals did not leave open the possibility that a writ of summons, served along with a document other than a complaint, could constitute the initial pleading—the appellate court "merely meant that a writ of summons not served simultaneously with a complaint cannot constitute the initial pleading" *See Lane v. CBS Broad. Inc.*, No. 08-0777, 2008 WL 910000, at *5 (E.D. Pa. Apr. 2, 2008) (Surrick, J.). The Third Circuit Court of Appeals made clear in *Sikirica* that it interpreted

2

the Supreme Court's opinion in *Murphy Bros.* as "requir[ing] the filing or receipt of a *complaint* before the 30-day period begins." *Sikirica*, 416 F.3d at 221 (emphasis in original).

Requiring that a notice of removal be filed within 30 days of an "administrative conference memorandum" would defeat the plain purposes of the holding in *Sikirica*. An "administrative conference memorandum," is simply not a complaint or even a pleading. *Cf. id.* at 222 ("First, the Supreme Court's use of the term 'complaint' to mean 'initial pleading' in *Murphy Bros.* was not merely an inadvertent accommodation of the facts."). Rather, it is a memorandum prepared in advance of a conference before the judge presiding over the case, setting forth the essential facts the judge needs to put the case on a schedule. *See* Chester Cnty. R. Civ. P. 249.1. The memorandum is filed with the judge, not the clerk, and has no legal effect—it is, as the name implies, "administrative." *Cf. Sikirica*, 416 F.3d at 222-23 (discussing how the purposes of Section 1446(b) would be defeated if a defendant had to decide whether to remove before learning what the case is about from the complaint); *Quigley Corp. v. Wachovia Services, Inc.*, No. 07-1343, 2007 WL 2031780, at *3 (E.D. Pa. July 6, 2007) (Diamond, J.) ("I also conclude that Plaintiff's unfiled draft complaint is not an 'initial pleading.' Although intended to threaten litigation . . . the draft complaint was just that—a draft. Plaintiff was free to alter the document or to refrain from filing it altogether."). In this case, for example, Mr. Binder could have easily decided to drop or modify putative claims or parties before filing his complaint.

Finally, adopting an exception for the type of administrative conference memorandum at issue here would defeat Congress's goal of uniformity in the removal process. *See Sikirica*, 416 F.3d at 223 ("Finally . . . Congress amended the [removal] statute partly to provide for uniform operation across the nation."). An administrative conference memorandum typically meets the requirements of a presiding judge rather than of the Federal Rules of Civil Procedure and, as such, could vary tremendously from chambers to chambers. Thus, use of such a malleable document as

3

the "trigger" for filing a removal notice would be entirely too mercurial. Such an exception would turn a uniform rule into a county-by-county (or even a judge-by-judge) rule, where the removability of a case would turn largely on hyper-localized procedures for pre-conference memoranda. To put it simply, the initial pleading is the complaint—not a writ of summons, not an administrative conference memorandum, and not the two of them together.

Mr. Binder also asserts that removal of this action was untimely under 28 U.S.C. § 1446(c) because the case was not removed within one year of the commencement of the action in state court. This argument also fails. Section 1446(c) applies to cases removed on the basis of diversity jurisdiction, but here federal question jurisdiction supplies an adequate basis for removal as well.[1] Mr. Binder is asserting violations of various federal and state laws relating to the alleged mishandling of his mortgage by Defendants. The case therefore arises under federal law, and the Court has federal question jurisdiction over the case and cannot fall prey to § 1446(c).

Finally, Mr. Binder argues that 28 U.S.C. § 1441(c) compels the Court to sever the state law claims and remand them to state court. This is an incorrect reading and application of § 1441(c). Subsection 1441(c) applies only when "a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 . . . ), *and* (B) a claim not within the original *or supplemental* jurisdiction of the district court or a claim that

---

[1] The Court notes that even on the basis of diversity jurisdiction, removal here was timely because under the plain text of § 1446(c)(1) the one-year time limit for removal applies to cases removed under subsection 1446(b)(3), which applies only where the case stated by the initial pleading is not removable. Here, the initial pleading (i.e., the complaint) had not yet been filed, and, once it was, the case stated in the complaint was removable and was removed within 30 days. True, certain district courts have enforced the one-year time limit despite the fact that no complaint was filed until over a year after the case commenced by a writ of summons, *see, e.g.*, *Samii v. Allstate Ins. Co.*, No. 10-2408, 2010 WL 3221924, at *1 (E.D. Pa. Aug. 12, 2010), but the Court finds more persuasive the reading that "initial pleading" means "complaint" throughout § 1446, and therefore, here, neither subsection 1446(b)(3) nor the one-year time limit applies. *See generally Parker Hannifin Corp. v. Federal Ins. Co.*, 23 F. Supp. 3d 588 (W.D. Pa. 2014). To hold otherwise would run the risk of allowing a plaintiff to engage in gamesmanship by keeping the gravamen of the suit secret for 13 months or more while keeping the suit from federal court as well by the obstacle of silence.

has been made nonremovable by statute." *Id.* § 1441(c)(1) (emphasis added). Here, the Court has supplemental jurisdiction over the state law claims pursuant 28 U.S.C. § 1367(a).[2] *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole."). The state law claims here arise from a "common nucleus of operative fact" as they all relate to an alleged course of misconduct in the handling of Mr. Binder's mortgage by the defendants, giving the Court supplemental jurisdiction over the state law claims. Because none of those state law claims have been made nonremovable by statute, § 1441(c) does not apply here.

Therefore, the Court finds that removal was proper and the Court has jurisdiction over this case. Accordingly, Mr. Binder's Motion to Remand is denied. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[2] The Court again notes that under diversity jurisdiction, the Court likewise has jurisdiction over all the claims and § 1441(c) would not apply.